## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**COMPLAINT FORM**



John Ricciardi, Jr.

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

v.

Case No. 3:12CV884RNC
(To be supplied by the Court)

ISS TMC SERVICES, INC

Full names of Defendant(s)
(Do not use *et al.*)

### A. PARTIES

1. JOHN RICCIARDI is a citizen of NEW JERSEY who
   (Plaintiff)                          (State)
   presently resides at 3258 Riverside Station Secaucus, New Jersey 07094
                        (mailing address)

2. Defendant ISS TMC SERVICES, INC is a citizen of NEW JERSEY
             (name of first defendant)              (State)
   whose address is 81 Dorsa Avenue Livingston, NJ 07039-1002

3. Defendant _____ is a citizen of _____
                (name of second defendant)                                    (State)

whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

1. Plaintiff brings this action pursuant to Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq. for unlawful retaliation, including unlawful discharge, for complaining about Defendant's wage practices including Defendants' failure to pay wages, vacation pay, bereavement pay, overtime pay and other benefits pursuant to the FLSA.

2. Plaintiff also brings this action for unlawful retaliation under the Whistleblower Provisions of the Connecticut General Statutes §§ 31-76k et seq., namely that Defendants unlawfully terminated Plaintiff's employment in retaliation for Plaintiff's illegal activities and unethical practices.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: **PLEASE SEE COMPLAINT ATTACHED.**

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

PLEASE SEE COMPLAINT ATTACHED.

Claim II: **PLEASE SEE COMPLAINT ATTACHED.**

Supporting Facts:

PLEASE SEE COMPLAINT ATTACHED.

## E. OTHER LAWSUITS

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

____Yes _x___No.  If your answer is "Yes," describe each lawsuit.  (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS.")

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number 9_____

   c. Disposition of lawsuit.  (For example, was the case dismissed?  Was it appealed? Is it still pending?) _____

   d. Issues raised: _____

4

e. Approximate date of filing lawsuit: _____

f. Approximate date of disposition: _____

2. If you have filed other lawsuits in this court in the last ten (10) years that are not related to the acts complained of in Part D, please list them. (If you need additional space, use a blank sheet which you should label "E. PREVIOUS LAWSUITS.")

## NOT APPLICABLE

### F. REQUEST FOR RELIEF

WHEREFORE, plaintiff demands: (state the relief you seek)

WHEREFORE, Plaintiff demands judgment against defendant ISS for the following relief:

A. Relief sought for each Cause of Action;
B. Injunctive Relief;
C. Punitive Damages;
D. Liquidated damages;
E. Compensatory damages for emotional distress and pain and suffering;
F. Interest on unpaid wages;
G. Costs, disbursements and attorneys fees, if any;
H. Granting such other and further relief as the Court deems necessary, just and proper.

### G. JURY DEMAND

Do you wish to have a jury trial?   Yes  X_____   No _____

| | |
|---|---|
| _____ | _John Ricciardi Jr_____ |
| Original signature of attorney (if any) | Plaintiff's Original Signature |
| | JOHN RICCIARDI JR |
| Printed Name | Printed Name |
| | 3258 Riverside Station |
| | Secaucus, NJ 07094 |
| ( ) | 201 259-4742 |
| Attorney's full address and telephone | Plaintiff's full address and telephone |
| | JOHNRICCIARDIJR@GMAIL.COM |
| Email address if available | Email address if available |

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Hartford, Ct.__ on __June 15, 2012__.
          (location)                      (date)

_John Ricciardi Jr_____
Plaintiff's Original Signature

(Rev.9/22/09)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------x      Index No.:
John Ricciardi Jr.,
                    Plaintiff,

**COMPLAINT AND JURY DEMAND**

       -against-

ISS TMC Services, Inc.,
                    Defendants.
------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* and relevant State laws, for unlawful retaliation, including unlawful discharge, for complaining about Defendant's wage practices including Defendants' failure to pay wages, vacation pay, bereavement pay, overtime pay and other benefits pursuant to the FLSA.

2. Plaintiff also brings this action for unlawful retaliation under the Whistleblower Provisions of the Connecticut General Statutes §§ 31-76k *et seq.*, namely that Defendants unlawfully terminated Plaintiff's employment in retaliation for Plaintiff's illegal activities and unethical practices.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1343 and 1367 because it raises questions under the FLSA.

4. Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide their claims arising under the Connecticut General Statutes as detailed above.

5. All conditions precedent to the institution of this lawsuit have been satisfied.

6. Venue lies in the United States District Court, District of Connecticut, in that the unlawful actions complained of and the records relevant to such practices are maintained and administered within this district.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey residing at 3258 Riverside Station, Secaucus, New Jersey 07094.

8. At all relevant times herein, Defendant ISS TMC Services, Inc. ("ISS" or "Defendant") was Plaintiff's employer.

9. Throughout his employment with Defendant, Plaintiff resided at 107 Farmington Avenue, Apt. A, Farmington, CT 06032.

10. At all relevant times when employed by Defendant, Plaintiff performed his work at the University of Connecticut Medical Center, 263 Farmington Avenue, Farmington, CT 06032.

11. Upon information and belief, ISS is a commonly owned and managed foreign business corporation doing business in the State of Connecticut.

12. ISS has corporate headquarters in New Jersey at 81 Dorsa Avenue, Livingston, NJ 07039-1002.

13. ISS has its principal executive office is at 1019 Central Parkway North, Suite 100, San Antonio, Texas 78232.

14. ISS is in the business of providing a range of facility services, which include cleaning, property, catering, facility management and security services and other support services.

15. Defendant employs approximately 500,000 employees throughout the USA and approximately 150 employees within the District of Connecticut.

16. Defendant is engaged in interstate commerce with an annual revenue exceeding approximately US $3.4 billion.

17. At all relevant times, ISS had a contract with the University of Connecticut ("UConn") to provide, among other things, housekeeping, maintenance, electrical work and plumbing services.

18. ISS is an "employer" within the meaning of the laws asserted herein.

## STATEMENT OF FACTS

19. Plaintiff was hired by Defendant ISS as the Manager/Director of Housekeeping on May 1, 2011, with an annual salary of $65,000. Plaintiff supervised approximately 125 employees.

20. Plaintiff was hired to replace "Jhon Londono" also known as "John Aristizabal."

21. Plaintiff's direct supervisor, Dan Kalpin, is Director of Operations of the Health Care Division at ISS, and Plaintiff's direct report manager.

22. Throughout his employment, Plaintiff worked 100 hours per week, often working 7 days each week.

23. Plaintiff's job duties included overseeing the entire UConn account and all ISS employees, scheduling project work, screening new employees, checking that work was completed, monitoring quality control, completing audits and ensuring ISS employees followed all contract specifications, regulations and rules set forth by the customer, UConn.

24. Plaintiff work was good throughout his employment and he received regular compliments on his work from his supervisors, his fellow employees, and his clients, and generally met and/or exceeded defendant's legitimate job performance expectations.

25. Soon into his employment, Plaintiff became aware of ISS' illegal, unethical and questionable practices, which breached various federal and state laws. Corporate Compliance

regulations, the collective bargaining agreement and the contract between ISS/ UConn.

26. Plaintiff reasonably believed ISS were violating wage laws by not paying the majority of employees under Plaintiff's supervision their proper wages, overtime wages, vacation pay, bereavement pay and other benefits.

27. Plaintiff reasonably believed that the wage violations were largely due to ISS' inaccurate recordkeeping of employee hours.

28. Plaintiff's employees often complained to him that ISS had not allowed them to take the vacation time owed to them, which Plaintiff believed to be a breach of the collective bargaining agreement and the contract between ISS/ UConn.

29. In fact, Union, Local 32BJ (case number: 2011-A-0607) had filed a grievance with the Connecticut Department of Labor concerning a class action by at least thirty five (35) ISS employees for vacation violations pursuant to Article 15-Holidays, of the collective bargaining agreement.

30. Upon information and belief, Plaintiff reasonably believed that unethical practices such as cronyism was rife within ISS. For example, Londono had allowed his girlfriend Ana Santos ("Santos"), a second shift supervisor, and other friends, to take vacations whenever they wished, while denying other employees vacations owed to them.

31. Upon information and belief, Plaintiff reasonably believed that some employees were on both the State (UConn) and ISS payroll for performing the same work at the same location, which Plaintiff reasonably believed to be illegal under corporate compliances rules, State regulations and the collective bargaining agreement.

32. Upon information and belief, Plaintiff reasonably believed that the following employees

were on both payrolls: Matt Zalewski, Elizabeth Cwalikski, Anna Santos, and Victor Rodriguez; Milagros Cruz, Marcos Cuevas, Rocio Tirado, Ivone Olivares, Miguel Duran and Loekadia Cyganik.

33. Upon information and belief, Plaintiff reasonably believed that UConn employees had not received essential training in various essential processes and procedures under his predecessor and ISS employee, Jhon Londono, which Plaintiff reasonably believed to be a violation of Corporate Compliance regulations and the ISS/UConn contract.

34. UConn staff, as employees at a medical facility, were mandated to receive training in areas such as infection control, chemical usage, OSHA requirements and usage of equipment.

35. Upon information and belief, Plaintiff reasonably believed that, despite the fact ISS was required to conduct an annual payroll audit by the State Labor laws, Dan Kalpin and Londono had not conducted a payroll audit for a number of years.

36. In addition, Plaintiff reasonably believed that ISS and UConn had breached Connecticut Public Act 05-287.

37. Upon information and belief, UConn is a publicly funded state University.

38. Upon information and belief, Tom Elliott, Director of Facilities at UConn, is an employee of UConn and therefore an employee of the State of Connecticut.

39. Plaintiff reasonably believed that Tom Elliott used his influence to persuade ISS managers to hire employees, in breach of Connecticut Public Act 05-287.

40. Plaintiff also reasonably believed that Tom Elliott did not adjust the ISS/UConn contract to reflect the ballooning costs of hiring extra staff, in breach of Connecticut Public Act 05-287.

41. Plaintiff discussed this matter with Dan Kaplin and George Moses (Director of Facilities

at UConn), but nothing was ever done about the situation.

42. As stated fully below, Plaintiff filed formal complaints regarding the above to ISS, to Dan Kalpin and to various UConn staff including George Moses.

43. Plaintiff's complaints fell on deaf ears and Defendant refused to address or remedy the practices and, notably, refused to pay the employees their proper wages or compensate them for unpaid wages owed in the past.

44. Instead, in retaliation for Plaintiff's protected activity, defendant unlawfully terminated Plaintiff's employment.

### Plaintiff's Protected & Whistleblower Activity

45. Throughout his employment, Plaintiff lodged numerous complaints about the illegal and unethical activities that he became aware of at ISS.

46. For example, on August 30, 2011, Plaintiff sent an email to Kalpin naming at least 29 employees who were owed vacation time from 2010.

47. Further, on August 31, 2011, Plaintiff sent by email Managers Report to Dan Kalpin, via email.

48. Plaintiff's email had three files attached, titled "Worksite prior to June 2011", "Ana Santos" and "Incident Report Against Supervisor Ana Santos" respectively.

49. Plaintiff wrote in the accompanying email, "Attached is my report on the Ana Santos situation that you have requested for review and then forward to the company attorney for legal advise on how to resolve this issue."

50. In the file titled "Ana Santos" Plaintiff made the following complaints to Dan Kalpin about breaches of State and Federal law, Corporate Compliance Regulations, the Union contract

and ISS/UConn contract, including but not limited to:

    a.    Breaches of State and Federal wage laws, including (i) the failure of ISS to process employees bereavement pay, and (ii) the payment of wages to employees who were in fact absent from work.

    b.    Cronyism at the worksite, including that family members of ISS employees were hired by ISS.

    c.    Information that employees were being harassed and intimidated by supervisor Ana Santos.

51.    In the file titled "Worksite prior to June 2011" Plaintiff complained to Dan Kalpin about the following various failures and violations by ISS:

    a.    Breaches of State and Federal wage laws, including (i) the failure of ISS to process employee's bereavement pay, and (ii) the payment of wages to employees who were in fact absent from work.

    b.    Cronyism at the worksite, including those family members of ISS employees were hired by ISS.

    c.    Failure to remove employees from the payroll when they were no longer employed by UConn.

    d.    Failure to issue employee ID's and uniforms as required by the ISS/UConn contract.

    e.    Failure to perform background checks on employees.

    f.    Failure to perform staff training in breach of the ISS/UConn contract and/or Corporate Compliance regulations.

g. Failure to perform site inspections in breach of the contract and/or Corporate Compliance regulations.

h. Absence of employee files in breach of the contract and/or Corporate Compliance regulations.

i. Absence of employee performance evaluations in breach of the contract and/or Corporate Compliance regulations.

j. Absence of record(s) of employee vacation days taken in breach of the contract and/or Corporate Compliance regulations.

k. Employees who were not members of the Union in breach of the contract and/or Corporate Compliance regulations.

l. Employees who did not have Union-provided insurance in breach of the contract and/or Corporate Compliance regulations.

52. Plaintiff received no reply from Dan Kalpin to his Managers Report and Mr. Kalpin did not meet with Plaintiff to discuss his findings and complaints.

### Plaintiff's Second Written Complaint to Dan Kalpin

53. On September 12, 2011, Plaintiff sent an email to Dan Kalpin, with a copy to Art Kalpin, Vice President Health Care Division USA at ISS/TCM Services, attaching another Managers Report, which again included written complaints about breaches of law and regulations at the worksite.

54. Plaintiff wrote in the email, "Updated info since the last report. I am still waiting for your advice and direction on how to deal with the pending issues."

55. Once again, Plaintiff received no reply from Dan Kalpin to his complaints.

## Plaintiff Performs An Audit

56. In October 2011, Plaintiff carried out an audit mandated by the Union 32BJ and Connecticut Department of Labor.

57. The audit was witnessed by two employees at ISS.

58. From the results of the audit, Plaintiff observed that many employees were still not paid correctly for daily hours work on weekly payrolls, vacation time, personal time and holiday times in breach of State and Federal laws.

59. Plaintiff also observed that the UConn staff were not auditing the weekly/monthly payroll paid versus the actual employee hand signed sign in sheets, therefor not certifying the payroll on a monthly basis, which Plaintiff believed to be a violation of Corporate Compliance regulations and of the ISS/UConn contract.

60. Plaintiff made numerous complaints to Defendant about these matter.

61. Again, Defendant ignored Plaintiff's complaints.

## Plaintiff Takes Time Off Work With Stress

62. On Thursday, November 10, 2011, Plaintiff took the day off work and sought medical attention because he was suffering from stress and high blood pressure.

63. That same day, Plaintiff sent an email to George Moses, Director of Operations for UConn, informing him that he (Plaintiff) had sought medical attention because he was very stressed about work issues, including but not limited to what he believed to be the continuous illegal activities of ISS, breaches of the contract between ISS/UConn, and breaches of Corporate Compliance regulations.

64. Plaintiff concluded the letter by informing Moses that he would be asking ISS and

UConn "for a complete investigation on all above issues."

65. Upon information and belief, Moses forwarded this email to Tom Elliott, Director of Facilities at UConn.

66. Upon information and belief, Elliott forwarded the email to Dan Kalpin, Plaintiff's direct supervisor at ISS, whereupon Defendant and Mr. Kalpin retaliated against Plaintiff.

### Plaintiff Is Discharged

67. On approximately Tuesday November 15, 2011, Dan Kalpin came into Plaintiff's office.

68. Dan Kalpin then terminated Plaintiff from his job, telling him that the job, "was not working out because of the emails that you sent."

69. Upon information and belief, Dan Kalpin was referring to the email dated Thursday, November 10, 2011, that Plaintiff originally had sent to George Moses, a UConn employee.

70. Plaintiff was so distressed to be terminated that he immediately collapsed and was taken by ambulance to the Emergency Room at the University of Connecticut Medical Center.

71. Plaintiff was later informed by Patrick McGraw ("McGraw"), Human Resources Manager at ISS, that he was being terminated for improper communication to the customer (UConn), which was a breach of the ISS Company Handbook.

72. Plaintiff informed McGraw that he had never received a copy of the ISS Company Handbook.

73. Plaintiff informed McGraw of the long list of state and federal law violations, corporate compliance regulation and contract breaches that had not been addressed, despite that Plaintiff had submitted two Managers Reports reiterating these complaints to Dan Kalpin.

74. McGraw told Plaintiff to call Phil Collins ("Collins"), VP of ISS Corp. Labor Relations.

10

75. Plaintiff then telephoned Phil Collins, and was informed by Collins that he (Plaintiff) was terminated - not because of the emails to George Moses, as Dan Kalpin had stated, or because of improper communication with the customer (UConn), as McGraw had stated - but because the customer (UConn) had requested it.

76. Plaintiff was never informed by ISS who at UConn had requested his termination or why.

77. Plaintiff had always maintained very good relationships with UConn employees such as Tom Elliott, George Moses (Operations Manager), Thomas Trutter (Associate Vice President), Thomas Wisehart (Project Manager), and Daniel Benjamin (CFO UConn).

78. Plaintiff clearly had been terminated by ISS in retaliation of the multiple complaints Plaintiff had made to ISS regarding protected activity.

79. On or about February 21, 2012, Plaintiff submitted to the Connecticut Department of Labor a Workplace Standards Complaint Form regarding his Whistleblower and retaliation claims pursuant to Connecticut General Statute Sec. 31-51m(4).

80. On or about March 21, 2012, Connecticut Department of Labor wage and Workplace Standards Division informed Plaintiff that he had exhausted all administrative remedies at the Department of Labor and could proceed with a civil action within ninety days.

81. Plaintiff was terminated within two months of filing an internal complaint concerning illegal and ethical activity.

82. Plaintiff was in fact terminated as a result of filing an internal complaint concerning illegal and ethical activity.

83. Defendant's termination of Plaintiff was thus motivated by retaliatory animus.

84. Defendants had no legitimate business reasons for any of such acts.

85. A direct causal connection exists between the Plaintiff engaging in the protected activity of complaining about and filing complaints and the Defendant's act of terminating his employment.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: RETALIATION UNDER THE FLSA

86. Plaintiff repeats and reasserts all allegations previously set forth.

87. Plaintiff continually complained to Defendant that employees were owed wages and/or overtime compensation.

88. In retaliation for these complaints, defendant terminated Plaintiff's employment in violation of the FLSA and relevant State laws.

89. Defendant's unlawful retaliatory conduct was malicious, intentional and performed with the actual intent of harming Plaintiff.

90. Plaintiff has thereby been damaged in an amount as yet undetermined but at least $1,000,000.

### SECOND CAUSE OF ACTION: WHISTLEBLOWER CLAIMS

91. Plaintiff repeats and reasserts all allegations previously set forth.

92. Plaintiff continually complained to Defendant that employees were owed wages and/or overtime compensation.

93. Plaintiff continually complained to Defendant of Defendant's illegal activities and unethical practices.

94. In retaliation for these complaints, defendant terminated Plaintiff's employment in violation of the Whistleblower provision of the Connecticut General Statutes §§ 31-76k *et seq.*

95. Defendant's unlawful retaliatory conduct was malicious, intentional and performed with the actual intent of harming Plaintiff.

96. Plaintiff has thereby been damages in an amount as yet undetermined but at least $1,000,000.

WHEREFORE, Plaintiff demands judgment against defendant ISS for the following relief:

A. Relief sought for each Cause of Action;

B. Injunctive Relief;

C. Punitive Damages;

D. Liquidated damages;

E. Compensatory damages for emotional distress and pain and suffering;

F. Interest on unpaid wages;

G. Costs, disbursements and attorneys fees, if any;

H. Granting such other and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to applicable state law, Plaintiff demands a trial by jury in this/her action.

Dated: Secaucus, New Jersey
June 15, 2012

*John Ricciardi Jr.*
John Ricciardi, Jr.
Pro Se Plaintiff

13